Pearson, C. J.
 

 There was no evidence to support the first count, and the defendants were entitled to the instruction ashed for in respect to it. If we suppose there was evidence to justify the conclusion that the slave was hired
 
 exclusively
 
 for the turpentine business, and was to be put to no other sort of worh, there is not the slightest evidence that the contract was violated in this particular. Surely, giving a slave a pass to go on the railroad to Wilmington, does not support the position that he was used or worked in any other way by tire defendants. On the contrary, it was a
 
 leave of absence
 
 from work. The error in refusing to give the instruction is not cured by the manner in which the jury were charged. His Honor ought, either to have given it, or refused to do so directly, so as to make a point. The matter is mixed up, and the two counts confounded by the four positions, which are laid down, the first being relevant to the first count, and the last three to the second. The necessity of proving the allegation, that the slave was used or worked by the defendant in a manner not allowed by the terms of the contract, is not adverted to in the charge.
 

 W e also differ with his Honor upon the question of negligence, involved in the second count. To allow a slave to be carried as a passenger on a railroad, certainly does not amount to negligence, and the circumstance that the negro is addicted to getting drunk, does not make it so in the absence of proof, that he was drunk and helpless when he was allow’ed to get on the train, otherwise it would be necessary to confine negroes of that description; which would prove that they were aot fit to be hired out. It is said in
 
 Woodhouse
 
 v.
 
 McRae,
 
 5
 
 *276
 
 Jones’ Bep. 1,
 
 “
 
 It will not do to say that under ordinary circumstances, one who hires a slave near the border of the State, must guard him by day and imprison, or chain, him by night, to prevent him from fleeing across the line.” This applies to our case; the only difference being that, here, the slave was addicted to getting drunk,- — -there, the danger to be apprehended, was the facility of escaping out of the State.
 

 There is error, and a
 
 venire de novo
 
 is awarded.
 

 Per Cueiam, Judgment reversed.